IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FRIENDSHIP HOME HEALTHCARE, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:09-0016 |
| | ) | Judge Nixon |
| PROCURA, LLC, | ) ) | Magistrate Judge Griffin |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Defendant Procura, LLC's ("Defendant" or "Procura") Motion to Dismiss ("Defendant's Motion") (Doc. No. 6) and Memorandum in Support (Doc. No. 7). Plaintiff Friendship Home Healthcare, Inc. ("Plaintiff" or "Friendship") filed a Response in opposition to the Motion (Doc. No. 11) and Memorandum in Support (Doc. No. 12). Defendant subsequently filed a Reply. (Doc. No. 13). For the reasons discussed herein, Defendant's Motion is **GRANTED**.

**I. BACKGROUND**

    **A. Factual Background** [1]

In 2007, 3M Company ("3M"), a Delaware corporation with principal executive offices in St. Paul, Minnesota, made several visits to Plaintiff Friendship Home Healthcare's principal office in Nashville, Tennessee, to deliver a sales presentation regarding home healthcare

---

[1] These facts are taken from Plaintiff's Complaint (Doc. No. 1, Ex. 1) and Plaintiff's Memorandum in Support of its Response to Defendant's Motion to Dismiss (Doc. No. 12) unless otherwise noted.

-1-

software developed by 3M. On or about May 12, 2007, Plaintiff entered into a Software License Agreement ("Agreement") with 3M to acquire a software system designed by 3M ("Software") for Plaintiff's facilities in Nashville, McMinnville, and LaFayette, Tennessee. At no time did any Friendship representative travel outside Tennessee in connection with the purchase or installation of the software.

The Agreement contains a choice-of-law clause selecting Utah law as the law governing the Agreement, and a forum selection clause selecting Utah state and federal courts as the venue for litigation arising from the Agreement. Both 3M and Procura have offices in Utah, from which its employees were sent to Tennessee to service Friendship. (Doc. No. 7, at 2). Additionally, the Agreement contains a mediation clause, which provides that the parties shall attempt in good faith to resolve any controversy, claim, or dispute arising out of the making or performance or otherwise relating to the Agreement, and that any dispute not resolved within thirty (30) days after written notice thereof shall be submitted to mediation.

Sometime after July 12, 2007, 3M unilaterally and without Friendship's consent assigned its rights in the Agreement to Procura. On or about December 17, 2007, Friendship and Procura executed a First Amendment to the Agreement. Despite multiple attempts, the parties were unable to successfully install the 3M Software that is the subject of the Agreement. As a result, the 3M Software has never functioned and is useless to Plaintiff.

### B. Procedural Background

Friendship initiated this suit for breach of contract against Procura in the Chancery Court for Davidson County, Tennessee, on December 5, 2008. (Doc. No. 1, Ex. 1). Procura timely filed a Notice of Removal to the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1441, based on diversity jurisdiction under 28 U.S.C. § 1332.

(Doc. No. 1). On February 2, 2009, Procura filed a Motion to Dismiss (Doc. No. 6) and Memorandum in Support (Doc. No. 7), asserting that Friendship's Complaint should be dismissed because: (1) the claim was brought in the improper venue; and (2) the Agreement contains a mediation clause, requiring parties to mediate any dispute before initiating litigation (Doc. No. 6, at 1). Friendship subsequently filed a Response to the Motion (Doc. No. 11) and Memorandum in Support (Doc. No. 12). Procura filed a Reply to Plaintiff's Response. (Doc. No. 13).

## II. LEGAL STANDARD

A motion to dismiss "tests whether a cognizable claim has been pleaded in the complaint." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Rule 8(a) establishes a system of notice pleading, requiring a plaintiff to plead only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The plaintiff need not plead an abundance of specific facts at this stage; the purpose of a complaint is limited to providing the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, all allegations in the complaint are taken as true, and all reasonable inferences are drawn in favor of the pleader. 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (3d ed. 2004). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. Montgomery v. Huntington Bank, 346 F.3d 693, 698 (6th Cir. 2003). Recently the Supreme Court articulated a "plausibility standard"

-3-

Case 3:09-cv-00016   Document 14   Filed 02/05/10   Page 3 of 11 PageID #: 254

for a motion to dismiss: "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations omitted). This requires "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts "merely consistent with" liability, "stops short of the line between possibility and plausibility of entitlement to relief." Id. The Court continued: "[t]hreadbare recitals of the elements of a cause of action, supporting by mere conclusory statements, do not suffice." Id.

### III. ANALYSIS

#### A. Dismissal for Improper Venue

Procura asserts that pursuant to the Agreement, Utah law governs any issue concerning or arising from the Agreement (Doc. No. 7, at 4), and under Utah law, Friendship's Complaint should be dismissed for improper venue under the Federal Rules of Civil Procedure 12(b)(3) because both parties agreed to use Utah as the valid forum (Id. at 3).

Friendship responds that Procura should not be permitted to enforce the Agreement's choice-of-law provision because Procura is not an original party to the Agreement, and, in the alternative, that Utah law should not apply to the Agreement because it bears no material connection to the Agreement. (Doc. No. 12, at 3). Moreover, Friendship states that the forum selection clause contained in the Agreement should not be enforced because to do so would be unreasonable and unjust. (Id. at 6).

##### 1. Procura is a Party to the Agreement

As a threshold matter, the Court must determine whether Procura, as an assignee to the contract, is a party to the Agreement, thus subject to the Agreement's conditions. Friendship

objects to application of the terms of the Agreement to its claims, stating that Procura is not a party to the Agreement between 3M and Friendship. (Doc. No. 12, at 3). Friendship states that it did not contract for such provisions with Procura; 3M merely assigned its rights in the Agreement to Procura without Friendship's prior consent. (Id. at 4). Because Procura is not a party according to Friendship, Friendship states it would be fundamentally unfair to permit Procura to enforce terms Friendship did not consent to in relation to Procura. (Id. at 3). Procura responds that the assignment from 3M to Procura conveyed all rights and obligations in the Agreement from 3M to Procura. (Doc. No. 13, at 3). With respect to assignment, the Agreement specifically provides:

> 14.4 Assignment. This AGREEMENT is binding on successors and assignees of the parties. Neither this AGREEMENT nor any part or portion hereof shall be assigned, sublicensed, or otherwise transferred by CUSTOMER without 3M's prior written consent.

(Doc. No. 7, Ex. A).

It is a generally accepted principle of law in both Utah and Tennessee that "the assignee takes the rights of the assignor, and the assignment neither improves nor diminishes the value or validity of those rights." Nickell v. United States, 355 F.2d 73, 76 (10th Cir. 1966) (citing American Cas. Co. of Reading, Pa. v. Line Materials Indust., 332 F.2d 393 (10th Cir. 1964), Empire Petroleum Co. v. Sinclair Pipeline Co., 282 F.2d 913 (10th Cir.1960), 6 C.J.S. *Assignments* § 99 (1966)); see also Bluebonnet Warehouse Co-op. v. Bankers Trust Co., 89 F.3d 292, 297 (6th Cir. 1996) ("When a contract is assigned, there is a presumption that all rights under the contract are assigned and duties delegated.") (citing RESTATEMENT (SECOND) OF CONTRACTS § 328(1) (1996)), Pacific Eastern Corp. v. Gulf Life Holding Co., et al., 902 S.W.2d 946, 959 (Tenn. Ct. App. 1995) ("An assignment . . . does not extinguish the existing contract but rather transfers the assignor's rights against the obligor to the assignee."). This presumption

-5-

Case 3:09-cv-00016 Document 14 Filed 02/05/10 Page 5 of 11 PageID #: 256

holds "[u]nless the language or the circumstances indicate the contrary." Bluebonnet Warehouse, 89 F.3d at 297 (quoting RESTATEMENT (SECOND) OF CONTRACTS § 328(1)).

Sometime after July 12, 2007, 3M assigned the Agreement to Procura. The language of the Agreement does not indicate that an assignment by 3M would transfer any less than 3M's full rights under the Agreement. Plaintiff does not allege that the Agreement contained any restriction or limitation on 3M's right to assign its rights under the contract, the Court does not find any such restrictions, nor do the circumstances indicate such. Plaintiff concedes that it executed a First Amendment to the Agreement with Procura (Doc. No. 1, Att. 1, at 6; Doc. No. 12, at 2). The amendment was entitled "Amendment No. 1 to the Procura, LLC Home Health Care Systems Software License Agreement," and specifically relates back to the original Agreement between Plaintiff and 3M. (Doc. No. 1, Att. 1, at 33). Further, Plaintiff admits that it accepted services from Procura pursuant to the Agreement. (Id. at 2). In fact, Plaintiff's Complaint is premised on the argument that Procura breached the Agreement. (Id. at 6). If Procura were not a party to the Agreement, Plaintiff would not have a claim. For these reasons, the Court finds that Procura was a party to the Agreement.

    2.    *Choice of Law*

The Court must now determine what law governs the Agreement. Procura asserts that pursuant to the Agreement, Utah law governs any issue concerning or arising from the Agreement. (Doc. No. 7, at 4). Specifically, § 14.9 of the Agreement provides that "any questions, claims, disputes or litigation concerning or arising from this AGREEMENT shall be governed by the laws of Utah and the federal law of the United States without giving effect to the conflicts of laws doctrines of any state." (Doc. No. 7, Ex. A). Friendship asserts that, notwithstanding the choice-of-law provision, Utah bears no material connection to the

-6-

Case 3:09-cv-00016   Document 14   Filed 02/05/10   Page 6 of 11 PageID #: 257

Agreement, and there is no other reasonable basis for the application of Utah law.  (Doc. No. 12, at 5).

"A federal court whose jurisdiction is based on diversity of citizenship must apply the conflict of law rules of the forum state." Johnson v. Ventra Group, Inc., 191 F.3d 732, 738 (6th Cir. 1999) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 490 (1941)).  Because Friendship filed suit in Tennessee, we must look to Tennessee's conflict of law rules to determine whether the laws of Tennessee or Utah govern this dispute.  Tennessee courts will honor a contractual choice-of-law provision if it was executed in good faith, the chosen jurisdiction bears a material connection to the transaction, the basis for the choice of jurisdiction is reasonable and not a sham, and the choice of jurisdiction is not contrary to the fundamental policy of a state having a materially greater interest and whose law would otherwise govern. Southeast Texas Inns, Inc. v. Prime Hospitality Corp., 462 F.3d 666, 672 n.8 (6th Cir. 2006) (citing Goodwin Bros. Leasing, Inc. v. H & B Inc., 597 S.W.2d 303, 307 (Tenn. 1980) (holding that parties' choice of law will be upheld unless chosen jurisdiction has "no substantial relationship" to them or the transaction and there is "no other reasonable basis" for their choice, or application of foreign law would contravene a "fundamental policy" of a state having a "materially greater interest.")).

Friendship does not argue that the Agreement was made in bad faith, only that Utah law bears no material connection to the Agreement, and that there is no other reasonable basis for applying Utah law.  (Doc. No. 12, at 5).  Procura responds that both 3M and Procura have offices in Utah from which at least one employee was sent to implement the software for Friendship.  (Doc. No. 13, at 6).  Friendship's chief financial officers acknowledges in his affidavit that one of Procura's primary agents who visited Friendship in Nashville was Craig Bass, who is based in

-7-

Case 3:09-cv-00016   Document 14   Filed 02/05/10   Page 7 of 11 PageID #: 258

Murray, Utah. (Doc. No. 12, Att. 1, at 2). Moreover, Friendship sent payment for services to Utah. (Doc. No. 13, at 7). These facts, viewed as a whole, are sufficient to establish a material connection between Utah and the Agreement.

As Procura and Friendship have contracted in good faith to have any issue arising from the Agreement governed by Utah law, and Utah law bears a material connection to the Agreement, the Court holds that the Agreement's choice-of-law provision is upheld, and Utah law governs this matter.

### 3. *Improper Venue*

Procura states that Friendship's Complaint should be dismissed for improper venue under the Federal Rules of Civil Procedure 12(b)(3) because of a forum selection clause in the Agreement selects Utah state and federal courts as the venue for litigation. (Id. at 3). Specifically, § 14.9 of the Agreement states:

> The parties agree that any litigation arising out of or relating to this AGREEMENT (including its making, performance, enforcement or breach) shall be exclusively venued in the state or federal court situation within the State of Utah, and [Friendship] hereby consents and submits itself to the personal jurisdiction of said courts for all such purposes.

(Doc. No. 7, Ex. A). Friendship states that the forum selection clause contained in the Agreement should not be enforced because to do so would be unreasonable and unjust. (Id. at 6).

The Supreme Court has held that a forum selection clause, even in a non-negotiated form contract, is valid so long as it is not "fundamentally unfair." See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991) (upholding forum selection clause included in three page form attached to cruise ship ticket). Utah courts have held similarly: "The parties' agreement as to the place of the action will be given effect unless it is unfair or unreasonable." Prows v. Pinpoint

Retail Sys., 868 P.2d 809, 812 (Utah 1993) (quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 80 (Supp. 1988)). The party challenging a choice-of-forum provision has the burden of proving that enforcing the clause is unfair or unreasonable. Id. To meet this burden, the party must demonstrate that the "chosen state would be so seriously an inconvenient forum that to require the plaintiff to bring suit there would be unjust," meaning that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." Id. at 811-12 (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972)).

Here, Friendship states: (1) it is a resident of Tennessee, as are the witnesses who observed the unsuccessful installation of the Software; (2) the Agreement was executed and to be performed in Tennessee; and (3) it would be fundamentally unjust to permit Procura, the party who breached the Agreement, to force Friendship to seek relief in such an inconvenient forum. (Doc. No. 12, at 6). Procura replies: (1) its witnesses are in Utah; (2) Procura's office is located in Utah; and (3) Friendship sent payment for the services to Utah. (Doc. No. 13, at 7).

Even when we accept the complaint's factual allegations as true and construe the complaint liberally in favor of Friendship, see Perry, 324 F.3d at 848, Friendship's argument fails. While it will clearly burden Friendship to litigate its claim in Utah, such inconvenience does not rise to the level of unfairness. A primary reason for forum selection clauses is to protect a party, in this case 3M and later Procura as its assignee, from "having to litigate in distant forums all over the nation . . . . Such provisions should be enforced when invoked by the party for whose benefit they are intended." Coombs v. Juice Works Dev., Inc., 2003 UT App 388, P15 (Utah Ct. App. 2003) (quoting Medical Legal Consulting Serv., Inc. v. Covarrubias, 648 F. Supp. 153, 155 (D. Md. 1986)). As the Agreement was made in good faith, Plaintiffs do

-9-

not demonstrate why Defendants should not be entitled to "the benefit of [their] bargain which includes the forum selection clause," even if a party to the Agreement has changed.  See id.

Accordingly, the Court GRANTS Procura's Rule 12(b)(3) motion to dismiss for improper venue.

### B. Dismissal for Failure to Comply with Mandatory Mediation Clause

Procura also moves for dismissal on the grounds that under the Agreement, both parties are required to participate in mediation prior to initiating litigation.  Friendship argues that the Court should not enforce the mediation clause because Friendship agreed only to mediate disputes arising between itself and 3M as the original parties, and as Procura is not an original party to the Agreement, the provisions of the Agreement do not apply to this dispute.  Friendship also argues that mediation would be futile, as informal attempts to resolve the dispute have failed and any resolution short of a full refund for the 3M Software and additional computer hardware would be unsatisfactory to Friendship.

The Court has already found that Procura is a party to the Agreement and Plaintiff is bound by all enforceable provisions in relation to Procura.  This would include the mediation provision.  However, because the Court will grant Procura's Motion to Dismiss for improper venue, there are no remaining claims against Procura before the Court.  The Court, therefore, cannot address the parties' arguments on the validity of the mediation provision, and Defendant's motion to dismiss on these grounds is hereby DENIED as moot.

-10-

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED** and the Complaint is **DISMISSED without prejudice** for improper venue.

It is so ORDERED.

Entered this 5th day of February, 2010.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT